BOLIN, Judge.
Plaintiff appeals from judgment rejecting his demand for damages for personal injuries and related items resulting from a collision between his automobile and a truck-trailer insured by defendant. His wife, the only other occupant of the Knox car, was also injured and, jointly with plaintiff, instituted a separate suit for damages, which actions were consolidated. (Annie Johnson Knox, et vir, La.App., 159 So.2d 341, this day decided.)
Since the trial judge outlined the testimony of the witnesses in his splendid written opinion, a restatement of such details is unnecessary. On a bright, dry day plaintiff was driving his 1953 Model Ford north on the Okaloosa Road in Ouachita Parish. While Knox’s vehicle was proceeding around a rather sharp curve to his left it collided with an oncoming empty log truck and trailer, belonging to defendant’s insured. Both plaintiffs and defendant claimed the accident was caused by negligence of the other in crossing the center line into the wrong lane of traffic.
The testimony of Mr. and Mrs. Knox was in hopeless conflict with that of Young. After commenting on this conflict and the physical evidence, the lower court concluded plaintiff had failed to show by a preponderance of evidence any negligence against T. B. Young, driver of the log truck. We find no error in this conclusion.
We are convinced Knox was driving on the wrong side of the road which act of negligence was the sole and proximate cause of the accident. Because of a growth of trees on both sides of the road, neither Knox nor'Young was able to observe the approach' of the oncoming vehicle until it was too late to avoid an accident. In spite of charges to the contrary, we find no negligence of the part of Young nor any justification for Knox maneuvering his car into the wrong lane of traffic and striking the left rear wheel of the tractor portion of the truck-trailer unit.
The judgment of the lower court is affirmed at appellant’s cost.
Affirmed.